**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR **2 6** 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DESHEDRICK JONES,**                                        **PLAINTIFF**
Individually and on behalf of
all others similarly situated

vs.                            Case No. 4:21-cv- 236 - BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

**ATLAS TUBE (ARKANSAS) INC.; and**
**ZEKELMAN INDUSTRIES, INC.**                              **DEFENDANTS**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Deshedrick Jones ("Plaintiff"), by and through his attorneys Chris Burks and Brandon Haubert of WH LAW PLLC, and for his Original Complaint—Class and Collective Action against Atlas Tube (Arkansas) Inc. and Zekelman Industries, Inc. ("Defendants"), he hereby states and alleges as follows:

### I.    JURISDICTION AND VENUE

1.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA") ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of race.

2.    Plaintiff also brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under Title VII and the FLSA.

5.      This Complaint also alleges violations of the Arkansas Civil Rights Act and Arkansas Minimum Wage Act which form part of the same case or controversy and arise out of a common nucleus of operative facts as the Title VII and FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA and AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein where committed, and had their principal effect, within the Eastern District of Arkansas, Central Division, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II.      THE PARTIES

6.      Plaintiff Deshedrick Jones is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendants as an hourly-paid production worker.

7.     Defendants are an employer within the meanings set forth and applicable to federal and state laws, and were, at all times relevant to allegations in this Complaint, Plaintiff's employer.

8.     At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under Title VII, the FLSA, the AMWA, and the ACRA.

9.     Defendants operate Atlas Tube as a division of Zekelman Industries. Zekelman Industries owns structural steel and pipe manufacturing facilities throughout the country, including in Arkansas, where hourly-paid production employees like Plaintiff, initially in a Dunnage Placement position, engage in manual labor to produce the steel and pipe products.

10.    Defendants are an "employer" within the meanings set forth in Title VII, the FLSA, the AMWA, and the Arkansas Civil Rights Act, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

11.    Defendants' statutory home office address is 227 West Monroe Street Suite 2600, Chicago, IL 60606, and has one corporate headquarters that centralizes all pay, time, and human resource policies so that they are the same across its facilities.

12.    At all times relevant to this action, Defendants were Plaintiff's employer as defined by the FLSA, AMWA, Title VII of the Civil Rights Act of 1964, and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et seq*.

13.    At all times relevant to this action, Defendants were an employer subject to the anti-discrimination and anti-retaliation provisions of the AMWA, FLSA, Title VII

and the ACRA.   Defendants annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### III.   FACTUAL ALLEGATIONS

14.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.   Plaintiff is African-American.

16.   Plaintiff was hired by Defendants to work as an hourly paid production worker on or about March 15, 2019.

17.   Plaintiff worked for Defendants for more than a year.  Like all employees, there were fluctuations in performance from month-to-month, but Plaintiff's work was satisfactory within the range for continued employment.

18.   Indeed, if Plaintiff's performance was so poor, Plaintifs would not have gotten oral and written warnings for minor issues, and instead would have been terminated for any major issues.

19.   However, rather than Plaintiff being a poor worker, the truth is that after working with Caucasian workers and management for a short time, Plaintiff, because of his race, was moved to a new area of the mill; required to go get wood and materials when Caucasian workers were not; and cursed at and asked if he took his vacation in Africa.

20.   Further, a coworker used the "N-word," Plaintiff's drawer was removed from his desk; and he was temporarily assigned to other shifts.

21.     This campaign of increasingly hostile actions taken because of Plaintiff's race included giving Plaintiff meritless oral and written warnings, and concluded with a shirt hanger noose being placed in Plaintiff's locker.

22.     Plaintiff complained to his supervisors and management of this illegal treatment, including the cutting of his hours and placement of the noose.

23.     The campaign of treatment ended with Plaintiff being terminated on October 23, 2020, ostensibly for substandard work; however, the real reason Plaintiff was terminated was because of his race.

24.     Other Caucasian hourly paid workers with similar records as Plaintiff were not terminated.

25.     Defendants' employee disciplinary system, as applied to Plaintiff and as practiced against other African-Americans, disparately impacts African-American employees of Defendants.

26.     Plaintiff's employment was ended as a direct result of discrimination on the basis of Plaintiff's race and Defendants' intentional and willful disparate treatment of its African-American employees in the workplace.

27.     Defendants' efforts to inquire about the noose were insufficient and would have resulted in remedial action if sufficient.

28.     Defendants, upon being told that Plaintiff's hours and pay were being illegally cut, did nothing to stop those illegal actions.

29.     Further, to make clear, during part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee

30.     Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

31.     Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

32.     Plaintiff and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendants.

33.     The payroll system used by Defendants rounded hours worked by Plaintiff and other hourly-paid employees in favor of Defendants.

34.     For example, if an hourly-paid employee clocked out at 5:11 p.m., the payroll system recorded his or her end time as 5:00 p.m. Likewise, if an hourly-paid employee clocked in at 7:51 a.m., Defendants' payroll system recorded his or her start time as 8:00 a.m.

35.     The rounding in Defendants' time keeping system resulted in several hours of unpaid work each month for Plaintiff and other hourly-paid employees.

36.     Plaintiff and other hourly-paid employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

37.     In addition, Defendants paid Plaintiff and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

38.     When calculating Plaintiff's and other hourly-paid employees' bonuses, Defendants did not include the unpaid time that was rounded out by Defendants' payroll system.

39.     Defendant also did not include the bonuses and cash awards paid to Plaintiff and other hourly-paid employees in their regular rates of pay when calculating their overtime pay.

40.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

41.     Defendants violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other hourly-paid employees in their regular rate when calculating their overtime pay.

42.     Plaintiff worked for Defendant at Defendant's facility in Arkansas and Defendant's pay practices were the same for all hourly workers at the Arkansas facility.

43.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendants' corporate headquarters.

44.     Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

45.     Defendants' hourly-paid employees were classic manual laborers, working with machinery and equipment to produce Defendants' products in a factory setting.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

46.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.     Plaintiff brings his FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and
B.     Liquidated damages; and
C.     Attorneys' fees and costs.

49.     The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

50.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;
B.     They were paid hourly rates;
C.     They recorded their time in the same manner;
D.     They were subject to Defendants' common policy of rounding time worked in Defendants' favor; and

E.     They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

51.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 125 persons.

52.     Defendants can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.     AMWA Rule 23 Class

53.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54.     Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

55.     Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to include non-discretionary

bonuses in its calculation of overtime pay, Defendants paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

56.      Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

57.      The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

58.      Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 125 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

59.      At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

60.      Concentrating the litigation in this forum is highly desirable because Defendant's Arkansas facility is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

61.     No difficulties are likely to be encountered in the management of this class action.

62.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendants and experienced the same violations of the AMWA that all other class members suffered.

63.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

64.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

65.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

66.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

67.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a

week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68.     During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

69.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

70.     Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' acts of illegally rounding hours worked by Plaintiff in Defendant's favor and not paying Plaintiff for all hours worked.

71.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in their regular rate when calculating their overtime pay.

72.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

73.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

75.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

76.     Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

77.     Plaintiff bring this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

78.     During the period relevant to this lawsuit, Defendants classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

79.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

80.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

81.     In the past three years, Defendants have employed over a hundred hourly-paid employees.

82.     Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

83.     Defendants failed to pay these workers at the proper overtime rate.

84.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

85.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

86.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

87.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

88.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

89.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

90.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

92.     Defendants failed to pay Plaintiff all overtime wages owed as required under the AMWA.

93.     Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' acts of illegally rounding hours worked by Plaintiff in Defendant's favor and not paying Plaintiff for all hours worked.

94.     Defendants' failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

95.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

96.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

97.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

98.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

99.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

100.    At all relevant times, Defendants have been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

101.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

102.    Defendants failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

103.    Defendants' failure to include non-discretionary bonuses in Plaintiff's and members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and

members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

104.    Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

105.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

106.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

107.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FIFTH CLAIM FOR RELIEF

### (Violations of Title VII Anti-Discrimination Provision)

108.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

109.     Plaintiff brings this action against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

110.     At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, 24 U.S.C. § 2000e(f).

111.     At all relevant times, Defendants were an "employer" of Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e(b).

112.     At all relevant times, Defendants have been, and continue to be, an "industry affecting commerce" within the meaning of Title VII, 24 U.S.C. § 2000e(h).

113.     At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e-2(a).

114.     Defendants, through their agents and employees, including Plaintiff's supervisor(s), intentionally and willfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's race.

115.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

116.     Plaintiff's employment with Defendants was ended as a direct result of Defendants' intentional and willful discriminatory actions, policies and procedures that adversely affect African-American and/or minority hourly-paid workers compared as to similarly situated Caucasian workers.

117.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discriminated against by Defendants on the basis of his race.

118.    Plaintiff received a right to sue letter and Plaintiff is within his ninety (90) days to file suit against Defendants.

119.    As a result of Defendants' violations of Title VII, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

## X.    SXITH CLAIM FOR RELIEF
### (Violations of the ACRA Anti-Discrimination Provisions)

120.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

121.    Plaintiff brings this action against Defendants under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

122.    Defendants intentionally discriminated against Plaintiff and other African-American and minority hourly-paid workers on the basis of his race in violation of A.C.A. § 16-123-107.

123.    Claims brought under the ARCA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

124.    As more fully described hereinabove, Defendants, through their agents and employees, including Plaintiff's supervisor(s), discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's race.

125.    As a result of Defendants' violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## XI.   **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Deshedrick Jones respectfully prays as follows:

(A)     That Defendants be summoned to appear and answer this Complaint and be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)     A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)     A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)      An order directing Defendants to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)      For an order of this Honorable Court entering judgment in Plaintiff's favor against Defendants, for his actual economic damages in an amount to be determined at trial, and compensation for wages lost, and for punitive damages under Title VII and the ACRA;

(K)     For his attorney's fees, costs, pre-judgment interest; and

(L)      For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**DESHEDRICK JONES,
PLAINTIFF**

wh Law, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By:  _____

Chris W. Burks (ABN: 2010207)
chris@wh.law